UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CIV-60723-RAR

**COREY J. ZINMAN,**

    Plaintiff,

v.

**NOVA SOUTHEASTERN UNIVERSITY,** *et al.*,

    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION
## FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

**THIS CAUSE** comes before the Court upon Plaintiff Corey J. Zinman's Motion for a Temporary Restraining Order ("TRO") and Preliminary Injunctive Relief [ECF No. 6] ("Motion"), filed on April 7, 2021. Having reviewed the Motion, Defendants' Responses [ECF Nos. 18 and 22], and Plaintiff's Replies [ECF Nos. 24 and 28], and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion is **DENIED** as set forth herein.

## BACKGROUND

Plaintiff is a student at Defendant Nova Southeastern University's ("Nova") law school who anticipates graduating in May of 2021. *See* Am. Compl. ¶¶ 11, 13, 17, 27. Defendant South Florida Stadium LLC operates the Hard Rock Stadium, where Nova will be hosting its May 2021 commencement ceremonies. *Id.* ¶ 13. Plaintiff filed this action on April 2, 2021 against Nova and South Florida Stadium, and filed an Amended Complaint on April 7, 2021 adding Defendants Miami-Dade County, Broward County, and Broward County Administrator Bertha Henry. In his Amended Complaint, Plaintiff alleges that Defendants discriminated against him and violated his constitutional rights by requiring him to wear a mask on campus and at the commencement ceremony due to the COVID-19 pandemic. *See generally id.*

Plaintiff, who is Jewish, contends that wearing a mask "contravene[s] his religious beliefs." *Id.* ¶¶ 10, 25. He asserts that the Jewish religion "unequivocally prohibits any and all forms of idolatry" and that following mask mandates constitutes "subservience to so-called 'experts' who claim to be able to save lives if people simply obey their commands without question—otherwise known as false idols." *Id.* ¶¶ 40-44. Plaintiff alleges that Nova and South Florida Stadium violated Title II of the Civil Rights Act of 1964; that Nova violated Title VI of the Civil Rights Act of 1964; and that Miami-Dade County, Broward County, and Broward County Administrator Bertha Henry violated 42 U.S.C. section 1983 and the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA). *Id.* at 12-24.

In the Motion, Plaintiff asks the Court to

> enjoin[ ] Defendants . . . (i) to accommodate individuals for whom compliance with mask mandates would conflict with their sincerely held religious beliefs and/or practices, (ii) from excluding [Plaintiff] from participation in [Nova's] upcoming commencement ceremonies at Hard Rock Stadium in May of 2021, and (iii) otherwise denying [Plaintiff] or others similarly situated to him the full and equal enjoyment of their goods, services, facilities, privileges, advantages, and accommodations.

Mot. at 3. The Court held a status conference with the parties on May 6, 2021. *See* Paperless Minute Entry [ECF No. 26] ("Status Conference"). At the Status Conference, Plaintiff indicated that the relief he seeks in his Motion is to be able to participate in the commencement ceremony at Hard Rock Stadium without wearing a mask. Although Plaintiff wholly failed to identify the time-sensitive nature of his Motion when he filed it, the parties clarified at the Status Conference that an immediate ruling is needed from the Court because the commencement ceremony is scheduled to take place on May 16, 2021.[1]

---

[1] To be clear, the Amended Complaint raises numerous claims, including purported constitutional violations by the counties. *See, e.g.*, Am. Comp. at 19. However, as recognized by Plaintiff during the Status Conference, the Motion focuses only on prospective action being taken by Defendants—namely, the

Plaintiff also conceded that Miami-Dade County, Broward County, and Broward County Administrator Bertha Henry are not proper subjects of the Motion for a TRO and Preliminary Injunction because: (i) the Hard Rock Stadium is located in Miami-Dade County and therefore Broward County does not dictate its mask policy, and (ii) neither county is currently enforcing mask mandates given Florida Governor Ron DeSantis's executive order suspending various COVID-19 restrictions, including mask mandates.  *See* Motion to Dismiss Parties for Mootness [ECF No. 30].

Accordingly, Plaintiff seeks preliminary injunctive relief as to Nova and South Florida Stadium only—thereby requiring an analysis of Plaintiff's claims against both entities under Title II and Title VI.

## LEGAL STANDARD

To obtain a temporary restraining order or preliminary injunctive relief, a movant must establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005).  A preliminary injunction or temporary restraining order is "an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to each of the four prerequisites." *Siegel v. Lepore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (quotation omitted).

---

imposition of a mask-wearing requirement at the forthcoming commencement ceremony.  Therefore, the Court need not reach Plaintiff's constitutional claims against the counties in this Order given that they have already transpired and have no impact on the commencement ceremony.  *See Alabama v. U.S. Army Corps of Engineers*, 424 F.3d 1117, 1133 (11th Cir. 2005) (indicating that because its sole function is to forestall future harm, injunctive relief is "completely at odds with a sanction for past conduct that may be addressed by adequate remedies at law.").

## ANALYSIS

Here, the Court finds that Plaintiff has not established a substantial likelihood of success on the merits. Title II provides that "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin." 42 U.S.C. § 2000a(a). To establish a claim under Title II, Plaintiff must show that he "(1) is a member of a protected class; (2) attempted to contract for services and afford [himself] the full benefits and enjoyment of a public accommodation; (3) was denied the full benefits or enjoyments of a public accommodation; and (4) such services were available to similarly situated persons outside [his] protected class who received full benefits or who were treated better." *Benton v. Cousins Properties, Inc.*, 230 F. Supp. 2d 1351, 1382 (N.D. Ga. 2002), aff'd, 97 F. App'x 904 (11th Cir. 2004).

Plaintiff does not allege that he is being denied entry to Nova or South Florida Stadium's property because of his religion. Rather, he alleges that Nova and South Florida Stadium have denied him an *accommodation* of his purported religious beliefs in violation of Title II. *See* Am. Compl. ¶ 66 ("Defendants' failure to accommodate individuals for whom compliance with mask mandates would violate their sincerely held religious beliefs is an unlawful discriminatory practice in violation of 42 U.S.C. § 2000(a)."). However, Plaintiff has not pointed to any authority indicating that Title II requires public facilities to *accommodate* religious beliefs and practices. Indeed, at least one court has found that it does not. *See Boyle v. Jerome Country Club*, 883 F. Supp. 1422, 1432 (D. Idaho 1995) ("Those public facilities now covered by Title II are prohibited from discriminating against patrons on the basis of religion. To go beyond the intended language of Title II, and require public facilities to affirmatively accommodate patrons' religious beliefs . . . is not appropriate nor allowed under the applicable legislation.").

Further, Plaintiff has not established that Nova or South Florida Stadium are treating Plaintiff less favorably with respect to the mask wearing policy than non-Jewish students. *See Thomas v. Murphy Oil Corp.*, 777 F. App'x 377, 380 (11th Cir. 2019) (finding that plaintiff failed to state a claim under Title II because plaintiff "alleged no facts from which a factfinder could infer reasonably that Plaintiff's mistreatment was motivated by racial animus or that Plaintiff was treated less favorably than similarly situated non-African American customers."); *Trimble v. Emory Healthcare, Inc.*, No. 1:20-CV-1469-MLB, 2021 WL 1244864, at *5 (N.D. Ga. Jan. 21, 2021) ("Plaintiffs must show that [Defendant's employee] treated Plaintiffs less favorably with regard to the allegedly discriminatory act than he treated other similarly situated persons who were outside Plaintiffs' protected class.") (quoting *Dozier v. Waffle House, Inc.*, No. 1:03-cv-3093, 2005 WL 8154381, at *6 (N.D. Ga. May 4, 2005)).[2]

Lastly, Title II plaintiffs must comply with the notice requirement set forth in 42 U.S.C. § 2000a-3, which states that "if a state or local law prohibits the alleged discriminatory act and a state or local agency has authority to grant relief from the discriminatory act, no civil action can be brought until 30 days after the appropriate authority has been given written notice of the discriminatory act." The Florida Civil Rights Act prohibits an individual from being denied access to places of public accommodation based on religion, *see* Fla. Stat. § 760.08, and the Florida Commission on Human Relations is charged with investigating complaints made pursuant to the Florida Civil Rights Act. *See Strober v. Payless Rental Car*, 701 F. App'x 911, 913 n.3 (11th Cir. 2017) (citing Fla. Stat. §§ 760.03, 760.06, 760.08, 760.11).

---

[2] The Court finds it unnecessary to determine whether Nova and South Florida Stadium qualify as "place[s] of public accommodation" under Title II because other deficiencies in Plaintiff's claim preclude a finding of a substantial likelihood of success to warrant a TRO or preliminary injunction.

Here, there is no indication that Plaintiff has complied with the notice requirement, even though Nova notified students as early as January 2021 that masks would be required at the commencement ceremony. *See* Am. Compl. ¶ 32. The failure to comply with this notice requirement further decreases Plaintiff's likelihood of success on the merits of his Title II claim. *See Strober*, 701 F. App'x at 913 n.3 (explaining that to state a viable Title II claim, plaintiff must first exhaust state or local administrative remedies, if such remedies are available); *see also Dragonas v. Macerich*, No. 20-01648, 2021 WL 363852, at *3 (D. Ariz. Feb. 3, 2021) (finding that the court lacked jurisdiction over plaintiff's Title II claim because plaintiff did not satisfy the notice requirement); *Brown v. Zaveri*, 164 F. Supp. 2d 1354, 1359-60 (S.D. Fla. 2001) (dismissing Title II claim for failure to comply with notice requirement).

Plaintiff also has not shown a substantial likelihood of success on his Title VI claim. Title VI provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of or be subjected to discrimination under any program or activity receiving federal financial assistance." 42 U.S.C. § 2000d. Notably, "Title VI does not provide for protection against discrimination on the basis of religion—only race, color, or national origin." *Lubavitch-Chabad of Illinois, Inc. v. Nw. Univ.*, 6 F. Supp. 3d 806, 816 (N.D. Ill. 2013), aff'd, 772 F.3d 443 (7th Cir. 2014); *Mohamed for A.M. v. Irving Indep. Sch. Dist.*, 300 F. Supp. 3d 857, 895 (N.D. Tex. 2018), aff'd sub nom. *Mohamed as Next Friend for A.M. v. Irving Indep. Sch. Dist.*, 758 F. App'x 352 (5th Cir. 2019) ("Title VI does not proscribe discrimination based on religion.").

To overcome the unavailability of a religion-based claim under Title VI, Plaintiff cites an executive order issued by former President Donald Trump stating that

> While Title VI does not cover discrimination based on religion, individuals who face discrimination on the basis of race, color, or national origin do not lose protection under Title VI for also being a

> member of a group that shares common religious practices. Discrimination against Jews may give rise to a Title VI violation when the discrimination is based on an individual's race, color, or national origin.

Exec. Order No. 13899, 84 Fed. Reg. 68779 (Dec. 11, 2019). However, the facts alleged in Plaintiff's Amended Complaint do not show discrimination based on the *race, color, or national origin* of Jewish students or any other group. Instead, Plaintiff claims that by obeying the requirement to wear a mask, he would be worshipping as "idols" the experts or authorities who recommend such mask-wearing measures. Plaintiff contends that such worship contravenes his Jewish beliefs. This claim is entirely based on a religious belief and has no connection to race, color, or national origin. Plaintiff therefore has not established a substantial likelihood of success on his Title VI claim.[3]

Although Plaintiff's failure to show a substantial likelihood of success on the merits is sufficient to deny the Motion, *see Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994), the Court notes that Plaintiff also has not shown that the balance of equities tip in his favor or that a TRO or preliminary injunction would be in the public interest. The harm to Plaintiff from being unable to attend the commencement ceremony in person without a mask does not outweigh the harm of undermining Nova and South Florida Stadium's efforts to protect the health and safety of university students, faculty, and the families who are attending the graduation. And

---

[3] Additionally, to establish a Title VI claim, Plaintiff must show intentional discrimination or actions having a disparate impact on groups protected by the statute, even if those actions are not intentionally discriminatory. *See Elston v. Talladega Cty. Bd. of Educ.*, 997 F.2d 1394, 1406-07 (11th Cir. 1993). Here, Plaintiff has not alleged facts that support a finding of intentional discrimination or disparate impact. Even if Plaintiff were able to show disparate impact, Nova and South Florida Stadium have a substantial legitimate justification for the mask requirement—protecting the health and safety of students, faculty, and staff. *Id.* at 1407 (indicating that defendants can rebut a prima facie showing of disparate impact by proving a substantial legitimate justification for the challenged practice, and if defendants meet this rebuttal burden, plaintiff must show a comparably effective alternative practice which would result in less disproportionality, or that the defendant's proffered justification is a pretext for discrimination). Plaintiff's likelihood of success on the Title VI claim is therefore low.

enjoining entities hosting large events from taking measures to slow the spread of COVID-19 does not serve the public interest of protecting human life and health in the face of a global and unpredictable pandemic.

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion for a Temporary Restraining Order or Preliminary Injunction [ECF No. 6] is **DENIED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 14th day of May, 2021.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**